IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　Plaintiff,<br><br>v.<br><br>DERALD W. GEDDES; BLACK ROCK VENTURES, LLC; NATIONWIDE BANK; SUZANNE GRISMORE GEDDES; STATE OF UTAH, TAX COMMISSION; AND WEBER COUNTY, UTAH,<br><br>　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**<br><br>Case No. 1:17-cv-00167-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

　　Plaintiff United States of America brought this action seeking to reduce to judgment unpaid federal income taxes and to foreclose related federal tax liens.[1] Defendant Derald W. Geddes filed a Counterclaim alleging the United States committed securities fraud under 18 U.S.C. § 513.[2] Now before the court is the United States' Motion to Dismiss Geddes' Counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] For the reasons set forth below, the United States' Motion is GRANTED.

## BACKGROUND

　　In 2007, the Internal Revenue Service (IRS) assessed Geddes' unpaid taxes and penalties for tax years 2003–2005, except for one late-filing penalty for tax year 2004, which was assessed

---

[1] Dkt. 2 (Complaint) ¶¶ 1, 39, 49.

[2] Dkt. 31-5 (Answer and Counterclaim) at 2.

[3] Dkt. 50 (Motion to Dismiss Counterclaim) at 1.

1

in 2017.[4] Between 2011 and 2013, the IRS also assessed penalties against Geddes for filing frivolous returns for tax years 2007–2010.[5]

On October 26, 2017, the United States filed this action seeking to reduce to judgment $994,682.10 of Geddes' unpaid federal income tax and civil penalty assessments, and to foreclose related federal tax liens.[6] The United States filed its Complaint three days before the statute of limitations ran on Geddes' 2003 liabilities and eight months before the limitations period would run on his 2000–2005 liabilities.[7]

At the time of filing, the United States believed Geddes was residing in Chile based on statements his neighbor and son made to an IRS Officer.[8] After serving the other Defendants,[9] the United States informed the court that "upon belief," Geddes had not been served because he was not living in the United States.[10] After providing this status report, the United States hired a

---

[4] Dkt. 2 ¶ 11.

[5] *Id.* ¶ 25.

[6] *Id.* ¶¶ 1, 39, 49.

[7] *See* Dkt. 29 (Memorandum Decision and Order Denying Geddes' Motion to Dismiss) at 2. The 2003 liabilities were assessed on March 19, 2007. Dkt. 2 ¶ 11. The United States had ten years from the date of assessment to initiate court proceedings under 26 U.S.C.§ 6502(a)(1); however, that time was tolled for six months and forty days due the pendency of Geddes' bankruptcy proceedings. Dkt. 2 ¶¶ 12–14; *see also* 26 U.S.C § 6502(a)(1) (setting forth ten-year statute of limitations); 26 U.S.C. § 6503(b) (tolling for six months plus time assets are in court custody); Order Dismissing Case *In re Geddes*, No. 07-24220 (Bankr. D. Utah Oct. 16, 2007) (forty-day pendency of Geddes' bankruptcy proceedings). Thus, the limitations period for the 2003 liabilities ran on October 29, 2017. Dkt. 2 ¶ 14. The 2004–2005 liabilities were assessed on November 19, 2007 and were subject to a limitations deadline of June 28, 2018. *See* Dkt. 2 ¶¶ 11, 14.

[8] Dkt. 24 (2021 Status Report) ¶ 4.

[9] The other Defendants are parties who may claim an interest in the real property at issue in this case and include: (1) Black Rock Ventures LLC, an entity allegedly used by Geddes to attempt to encumber the real property by identifying it as a beneficiary on a Deed of Trust recorded with the Weber County Recorder; (2) Nationwide Bank; (3) Suzanne Grismore Geddes, Geddes' Spouse; (4) State of Utah, Tax Commission; and (5) Weber County, Utah. Dkt. 2 ¶¶ 6–10; Dkt. 12 (Defendant Suzanne Grismore Geddes' Answer) ¶ 4.

[10] Dkt. 13 (2018 Status Report) ¶ 3.

private investigator to find Geddes in Chile so he could be served, but the investigator was unsuccessful.[11]

In February 2020, Geddes was arrested in Florida on related criminal charges pending in the District of Utah and taken into federal custody.[12] Nearly one year later, on January 25, 2021, the IRS Office of Chief Counsel informed counsel for the United States in this matter that Geddes was being held in the Weber County Jail awaiting trial on criminal charges.[13] One week later, on February 3, 2021, the United States served Geddes with the Summons and Complaint in this civil action.[14] On March 3, 2021, Geddes filed a Motion to Dismiss based on insufficient service of process, lack of subject matter and personal jurisdiction, and immunity from suit as a sovereign.[15] The court denied Geddes' Motion to Dismiss but found the United States had not established that it effected timely service of process under Federal Rule of Civil Procedure 4(m).[16] However, the court granted the United States' request for extension and allowed it thirty days to properly serve Geddes.[17]

On August 2, 2021, Geddes filed a Counterclaim against the United States, alleging that the United States' "summonses" and "notice of deficiency" qualify as "counterfeit securities" in

---

[11] Dkt. 24 ¶ 4.

[12] On December 2, 2015, Geddes was indicted for multiple violations of federal tax law. *See* SEALED Indictment, *United States v. Geddes*, No. 1:15-cr-93-TC (D. Utah Dec. 2, 2015). The IRS later referred the related civil matter to the United States Department of Justice, Tax Division, Civil Trial Section. Dkt. 28-1 (Watson Declaration) ¶ 2. On February 26, 2020, Geddes was arrested in the Southern District of Florida for charges in the related criminal case. *See* Arrest Warrant Returned Executed, *Geddes*, No. 1:15-cr-93-TC (D. Utah Mar. 11, 2020); Dkt. 50 at 2.

[13] Dkt. 28-1 ¶ 5. The court ordered a status report in this case on January 28, 2021. Dkt. 23 (Order).

[14] Dkt. 25 (Summons Returned as Executed).

[15] Dkt. 27 (Motion to Dismiss).

[16] Dkt. 29 at 6–7; *see also* Dkt. 34 (Motion to Set Aside Order on Motion to Dismiss); Dkt. 46 (Order Denying Motion to Set Aside).

[17] Dkt. 29 at 7–8.

violation of 18 U.S.C. § 513.[18]  On October 1, 2021, the United States filed its Motion to Dismiss Geddes' Counterclaim for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[19]  The matter being fully briefed,[20] for the reasons described below the court GRANTS the United States' Motion to Dismiss.

## LEGAL STANDARDS

Throughout this litigation, Geddes has proceeded pro se.  As such, he is held to a less stringent standard than parties who are represented by lawyers.[21]  Documents filed by pro se litigants are "to be liberally construed."[22]  Nevertheless, the liberal construction standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[23]  Construing liberally merely allows the court to "reasonably" read a pro se pleading as stating a valid claim when there are deficiencies such as "the plaintiff's failure to cite proper legal authority, [] confusion of various legal theories, [] poor syntax and sentence construction, or [] unfamiliarity with pleading requirements."[24]

Under Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted."[25]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[18] Dkt. 31-5.

[19] Dkt. 50.

[20] *See* Dkt. 52 (Memorandum in Opposition to United States' Motion to Dismiss Counterclaim); Dkt. 53 (United States' Reply in Support of its Motion to Dismiss Counterclaim).

[21] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[22] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[24] *Id.*

[25] Fed. R. Civ. P. 12(b)(6).

plausible on its face."[26] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27] While plausibility does not equate to probability, it "asks for more than a sheer possibility that a defendant has acted unlawfully."[28]

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff."[29] In doing so, the court will not "weigh potential evidence that the parties might present at trial, but [will] assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[30] "Though a complaint need not provide detailed factual allegations, it must give just enough factual detail to provide [defendants] fair notice of what the . . . claim is and the grounds upon which it rests."[31]

Rule 12(b)(1) motions challenging subject matter jurisdiction generally take one of two forms: a facial attack or a factual attack.[32] A facial attack challenges the sufficiency of the complaint, while a factual attack presents additional evidence.[33] The United States brings a facial attack on the sufficiency of Geddes' Counterclaim. "In reviewing a facial attack on the

---

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[27] *Id.*

[28] *Id.*

[29] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011) (citation omitted).

[30] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[31] *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

[32] *See Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

[33] *Muscogee (Creek) Nation v. Okla. Tax. Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *see also Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) ("[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." (citations omitted)), *abrogated in part by Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320 (10th Cir. 2002).

complaint, a district court must accept the allegations in the complaint as true,"[34] essentially applying "a standard patterned on Rule 12(b)(6)."[35] Because "[f]ederal courts are courts of limited jurisdiction[,] they must have a statutory basis for their jurisdiction."[36] Thus, "there is a presumption against . . . jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[37]

## ANALYSIS

In its Motion to Dismiss, the United States argues Geddes' Counterclaim should be dismissed for several reasons.[38] First, the United States contends the court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity and consented to suit under 18 U.S.C. § 513.[39] Second, the United States contends Geddes' Counterclaim fails to state a claim upon which relief can be granted.[40] Third, the United States argues the Counterclaim should be barred by the Anti-Injunction Act[41] because it should be considered a "suit for the purpose of restraining the assessment or collection of any tax."[42]

In response, Geddes asserts "sovereign immunity is presumed in that 26 [C.F.R. §] 301-7438 has not been addressed, as well as others…" and the "[g]overnment's sovereign immunity can be waived when proper administrative remedies have been exhausted."[43] Geddes also asserts

---

[34] *Holt*, 46 F.3d at 1002.

[35] *Garling v. EPA*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017).

[36] *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (internal quotation marks and citation omitted).

[37] *See Quigley v. Sporting Kan. City Soccer Club*, 799 Fed. App'x 644, 645 (10th Cir. 2020) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

[38] *See* Dkt. 50 at 2.

[39] *Id.*

[40] *Id.*

[41] 26 U.S.C. § 7421.

[42] Dkt. 50 at 5.

[43] Dkt. 52 at 2.

the United States' Motion to Dismiss his Counterclaim should be denied because "the waiver of immunity is imminant [sic]."[44]

For the reasons explained below, the court concludes it lacks subject matter jurisdiction over the Counterclaim because the United Sates has not waived its sovereign immunity. Considering this, the court will not address the United States' other arguments for dismissal.[45]

### A. Subject Matter Jurisdiction

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[46] For the United States to waive sovereign immunity, it must unequivocally express that waiver in the statutory text.[47] Furthermore, potential waivers of sovereign immunity are generally not "liberally construed" in favor of plaintiffs, but "construed strictly" in favor of the government.[48] And because federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of showing the court has jurisdiction.

Geddes brings his Counterclaim under 18 U.S.C § 513(a), a criminal statute which states:

> Whoever makes, utters or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive another person, organization, or government shall be fined under this title or imprisoned for not more than ten years, or both.[49]

---

[44] *Id.*

[45] *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Guy v. Barnhart*, 62 F. App'x 848, 850 (10th Cir. 2003).

[46] *United States v. Dalm*, 494 U.S. 596, 609 (1990) (internal citations and quotation marks omitted).

[47] *United States v. Idaho ex rel. Dir., Idaho Dep't. of Water Res.*, 508 U.S. 1, 6–7 (1993).

[48] *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992).

[49] 18 U.S.C § 513(a).

Section 513(a) does not contain an unequivocal, express waiver of sovereign immunity. Indeed, there is no waiver of sovereign immunity anywhere in § 513, and Geddes identifies no otherwise applicable statutory waiver of immunity elsewhere in the code.[50] An example of a waiver of sovereign immunity in the tax code can be found in 26 U.S.C. § 7432 (civil damages for failure to release lien):

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.[51]

In addition to the lack of an express waiver within the code, Geddes cites no case precedent to suggest the government has waived sovereign immunity under 18 U.S.C § 513.[52]

Geddes argues the government's waiver of sovereign immunity is presumed because "26 [C.F.R. §] 301-7438 has not been addressed, as well as others: 26 U.S.C. § 6330(d)(1); 26 U.S.C. § 7421 & 7422; 26 U.S.C. § 2410; 26 U.S.C. § 1346; 28 U.S.C. § 2202 and others."[53] However, Geddes does not indicate how these regulations and statutes may establish a potential waiver of sovereign immunity from suit under 18 U.S.C. § 513. Many of the statutes and regulations Geddes references do not even address sovereign immunity.[54] While Geddes has identified a few statutes in which the United States has waived sovereign immunity for certain limited purposes, none of those waivers are applicable to a suit brought under 18 U.S.C. § 513. Namely,

---

[50] *Id.* § 513.

[51] 26 U.S.C. § 7432.

[52] *See* Dkt. 31-5.

[53] Dkt. 53 at 2.

[54] 26 C.F.R. § 301.7438 (regulation does not exist); 26 U.S.C. § 6330(d)(1) (right to petition the tax court for review of IRS hearing); 26 U.S.C. § 7421 (prohibits suits to restrain assessment or collection of taxes); 28 U.S.C. § 2202 (further relief based on a declaratory judgment may be granted).

8

26 U.S.C. § 7422 waives sovereign immunity for civil actions for refund of taxes,[55] 26 U.S.C. § 2410 states the United States "may be named a party" in actions affecting property on which the United States has a lien,[56] and 26 U.S.C. § 1346 waives sovereign immunity for specified civil actions against the United States.[57] But Geddes does not bring his Counterclaim under any those statutes. Rather, his Counterclaim is asserted solely pursuant to 18 U.S.C § 513.[58] As discussed above, for the United States to waive sovereign immunity, it must unequivocally express the waiver in the statutory text. No such waiver appears in 18 U.S.C § 513 or is otherwise applicable to that section.

Geddes also asserts the "[g]overnment's sovereign immunity can be waived when proper administrative remedies have been exhausted."[59] However, Geddes does not cite, and the court is not aware of, any precedent showing that exhausting his administrative remedies would then

---

[55] 26 U.S.C. § 7422.

[56] *Id.* § 2410.

[57] *Id.* § 1346.

[58] Dkt. 31-5 at 2 ("Pursuant [to] 18 U.S.C § 4 of the commission of crimes cognizable by a court of the United States under 18 U.S.C § 513 to wit: 513(a) "whoever makes, utters or possesses a counterfeit security of a State or a political subdivision thereof or an organization, with intent to deceive another person, organization, or government shall be fined not more than $250,000 or imprisoned not more than ten years, or both.").

[59] Dkt. 52 at 2 (citing *Wos v. IRS*, No. 06 C 474, 2007 WL 4246874, at *2 (N.D. Ill. Nov. 30, 2007)).

enable Geddes to sue the United States under 18 U.S.C § 513.[60]  Additionally, Geddes has not offered any evidence to show that he has indeed exhausted the proper administrative remedies.[61]

Lastly, Geddes briefly asserts that the United States' Motion to Dismiss should be denied because "the waiver of immunity is imminant [sic]."[62]  It is unclear how or by what means Geddes anticipates the United States will imminently waive its sovereign immunity.  And indeed, "neither the government's attorneys nor any other officer of the United States may waive the United States' sovereign immunity."[63]  Rather, "[t]he United States consents to be sued only when Congress unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity."[64]  Unless and until Congress takes such action, and it passes into law, this court has no jurisdiction to entertain this action against the United States.[65]

Geddes has failed to show that the United States has waived its sovereign immunity and consented to suit under 18 U.S.C. § 513.  Therefore, the court lacks subject matter jurisdiction and must dismiss Geddes' Counterclaim.

---

[60] Exhaustion of administrative remedies is often a precursor to bringing a civil action against the United States, but still requires an express waiver of the government's sovereign immunity.  For example, 28 U.S.C. § 1346(a)(1) waives the government's sovereign immunity from suits to recover taxes "erroneously or illegally assessed or collected."  28 U.S.C. § 1346(a)(1) ("The district courts shall have original jurisdiction . . . of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected[.] . . .").  However, "that statute must be read in conjunction with 26 U.S.C. § 7422, which requires taxpayers to exhaust administrative remedies before filing a refund suit."  *Wos*, 2007 WL 4246874, at *2 (citing *Dalm*, 494 U.S. at 601–02); *see also* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary[.] . . .").

[61] *See* Dkt. 52 at 2 ("Defense believes he has exhausted his administrative remedies in the US Tax Court[.]"); Dkt. 50 at 4–5 ("Even if [Geddes] were attempting to make a claim for refund of taxes or damages related to collection activity, he has failed to plead that he filed a proper administrative claim with the IRS or, in the case of a refund claim, that he fully paid the tax assessments he challenges."); *see also* 26 U.S.C. § 7422(a) (administrative claim for refund required before filing suit).

[62] Dkt. 52 at 2.

[63] *In re Talbot*, 124 F.3d 1201, 1205 (10th Cir. 1997) (citation omitted).

[64] *Id.* at 1206 (citing *Nordic Vill.*, 503 U.S. at 33; *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990)).

[65] *See id.* at 1205 ("[I]f the government has not consented to suit, the courts have no jurisdiction to either restrain the government from acting, or to compel it to act.") (internal citations and quotation marks omitted).

## CONCLUSION

Based on the forgoing, the United States' Motion to Dismiss Geddes' Counterclaim[66] is GRANTED.

SO ORDERED this 15th day of August, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[66] Dkt. 50.