IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>DERALD W. GEDDES; BLACK ROCK VENTURES, LLC; NATIONWIDE BANK; SUZANNE GRISMORE GEDDES; and WEBER COUNTY, UTAH,<br><br>     Defendants. | **MEMORADUM DECISION AND ORDER**<br><br>Case No. 1:17-cv-00167-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is pro se Defendant Derald W. Geddes' Objection to Scheduling Conference, Motion to Dismiss or Stay Proceedings, Motion to Compel Discovery, Request for Ratification of Commencement, and other related filings (Motion).[1]  For the reasons stated below, Geddes' Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY[2]

This action arises out of Geddes' decades-long failure to file accurate tax returns or pay tax assessments made against him,[3] culminating in his arrest and criminal conviction under 26 U.S.C. § 7212(a).[4]  As a result, Geddes is now serving a sixty-month sentence at the Federal Correctional Institution (FCI), Otisville, New York.[5]  But Geddes still has substantial federal tax

---

[1] *See* Dkts. 64–66.

[2] In considering a motion to dismiss, the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff.  *See Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).

[3] *See* Dkt. 1, *United States' Complaint* (*Complaint*) ¶¶ 11–30.

[4] *See Judgment*, *United States v. Geddes*, No. 1:15-cr-00093-TC (D. Utah, June 7, 2022), ECF No. 183.

[5] *Id.*; *see also* Dkt. 67, *United States' Opposition to Geddes' Motion* (*United States' Opposition*) at 2.

liabilities, which Plaintiff United States of America estimated at $994,682.10 as of mid-2017.[6]

The United States filed this action pursuant to 26 U.S.C. §§7401, 7403 seeking to reduce Geddes' outstanding federal tax liabilities to judgment and foreclose related federal tax liens on his former property.[7] However, the action stalled for several years as the United States was unable to effect service on Geddes, who was then believed to be outside the country.[8] On January 25, 2021, the United States' counsel was notified that Geddes had been arrested and was being held in the Weber County Jail.[9] This prompted a flurry of filings from Geddes, including a pro se Motion to Dismiss for Insufficiency of Service and "Foreign Sovereign" Immunity.[10] The court denied Geddes' Motion and granted an extension of time for the United States to effect service,[11] eventually prompting Geddes to file a motion for reconsideration.[12] Then, on or about July 22, 2022, Geddes appealed the court's decision to the United States Court of Appeals for the Tenth Circuit.[13]

After Geddes' appeal was dismissed for lack of jurisdiction on August 5, 2022,[14] Magistrate Judge Cecilia M. Romero ordered the United States to propose a new scheduling

---

[6] *Complaint* ¶ 28.

[7] *Id.* ¶¶ 1–4.

[8] *See, e.g.*, Dkt. 13, *January 22, 2018 Status Report* at 2 ("Geddes has not yet been served because, upon belief of undersigned counsel for the United States, he resides in Chile with his ex[-]wife and/or her mother."); Dkt. 24, *February 4, 2021 Status Report* at 2 (discussing the United States' efforts to locate Geddes by hiring a private investigator).

[9] Dkt. 24 at 2.

[10] Dkt. 27 (claiming immunity pursuant to the Foreign Sovereign Immunities Act of 1976 and the "original organic Constitution").

[11] Dkt. 29, *Memorandum Decision and Order Denying Geddes' [First] Motion to Dismiss.*

[12] Dkt. 33, *Motion for Reconsideration of the Court's June 25, 2021 Memorandum Decision and Order*; *see also* Dkt. 46, *Order Denying Motion to Set Aside Judgment (Motion for Reconsideration)*.

[13] *See* Dkt. 35, *Notice of Interlocutory Appeal*.

[14] Dkt. 55, *Order and Judgment of the Tenth Circuit.*

order.[15]  It did so on November 1, 2022, proposing the close of discovery and submission of all potentially dispositive motions by June 30, 2023.[16]  Geddes responded by filing a spate of briefings reiterating many of the same arguments from his earlier motions and urging the court to dismiss his case or stay all deadlines for lack of "ripeness."[17]  Though many of Geddes' contentions are unclear, his core argument seems to be that the court should dismiss or stay the United States' civil action because he has a petition pending before the U.S. Tax Court.[18]  Additionally, Geddes argues the conditions of his confinement at FCI Otisville undermine his ability to defend himself without representation.[19]  Finally, Geddes embraces some of the hallmark arguments of the "sovereign citizen" and tax-defier movements and offers a lengthy list of grievances related to his recent criminal conviction.[20]

Having evaluated the relevant briefings and filings, the court now turns to Geddes' arguments.

---

[15] Dkt. 60, *Order to Propose Schedule*.

[16] Dkt. 62, *United States' Motion for Scheduling Order*; *see also* Dkt. 63, *Order Granting United States' Motion for Scheduling Order*.

[17] *See generally* Dkts. 64–66.  Dkts. 64 and 65 appear to be the same filing, reflecting a fifteen-page "Objection to Proposed Initial Scheduling Conference, [] Motion to Dismiss or Stay Proceedings, [] Motion to Compel Discovery, and Request for Ratification of Commencement," along with a sixteen-page "Memorandum" attached as an exhibit. For present purposes, the court will refer only to Dkt. 65.  Dkt. 66 is an "Affidavit of Additional Pertinent Facts" that reflects Geddes' account of various grievances and events over the past two decades.

[18] *See, e.g.*, Dkt. 65 at 3–4; Dkt. 65-1 at 3–7.

[19] Dkt. 65 at 1.

[20] *See, e.g.*, Dkt. 65 at 7–8; Dkt. 65-1 at 10–13.

Case 1:17-cv-00167-RJS-CMR   Document 86   Filed 09/21/23   PageID.589   Page 4 of 7

# DISCUSSION

At the outset, the court is mindful that Geddes is proceeding pro se and affords his filings a liberal construction.[21]  But the court does not act as his advocate, and it applies the same procedural rules and substantive law as it would to a represented party.[22]

## I.   Geddes' Pending Tax Court Petition Does Not Warrant a Stay or Dismissal

First, the court addresses Geddes' contention that his petition with the Tax Court warrants a stay or dismissal of this action.[23]  In effect, Geddes is challenging "the validity of statutory notices of deficiency of [his] federal tax liens" with the Tax Court.[24]  He argues the alleged defects with these notices would "effectively void the assessment[s]" against him under relevant precedent, and thus the United States' civil action is not yet ripe for review.[25]  The United States responds that "[f]iling an omnibus petition to the Tax Court does not thwart federal district court jurisdiction over this case," and states that Geddes' petition to the Tax Court is "untimely by over [fifteen] years."[26]

At the outset, the court notes that Geddes' argument is extremely similar to one recently addressed by a sister court in *United States v. Bader*.[27]  In that case, the defendant argued the court "lack[ed] jurisdiction because 'by the United States Tax Court['s] own admission,' he 'never received a Statutory Notice of Deficiency.'"[28]  However, the court rejected the

---

[21] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[22] *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

[23] *See* Dkt. 65 at 3–4.

[24] *Id.*

[25] Dkt. 65-1 at 3 (quoting *Galluzzo v. United States*, No. 11-1607 (CCC-JAD), 2012 U.S. Dist. LEXIS 74948, at *9 (D.N.J. May 15, 2012)).

[26] *United States' Opposition* at 2 (collecting cases).

[27] No. 1:20-cv-03017-RMR, 2021 U.S. Dist. LEXIS 228309 (D. Colo. Aug. 16, 2021).

[28] *Id.* at *5–6.

4

defendant's argument, noting, "the statutes governing Tax Court jurisdiction . . . do not impact federal district court jurisdiction."[29]  Further, the court observed that the defendant's argument "baldly contradict[ed] the United States' Complaint, which state[d] that '[t]he IRS conducted an audit and issued a statutory notice of deficiency'" for the relevant tax years.[30]  Similarly, here, the United States avers that "[t]he IRS conducted an audit for [2003–2005] and, after examination, issued a statutory notice of deficiency for each of those years."[31]  Geddes might disagree with the United States' position, but at this stage, "a court must accept as true all of the allegations contained in a complaint."[32]  Geddes' conclusory allegations that he did not receive a statutory notice of deficiency "does not suffice to overcome the [c]ourt's acceptance of the well-pleaded facts in the Complaint."[33]

Despite Geddes' disagreement, the United States has made a clear showing that the court has subject matter jurisdiction over this action pursuant to 26 U.S.C. §§ 7402, 7403, and 28 U.S.C. §§ 1340, 1345.[34]  Accordingly, Geddes' request for dismissal is denied.

## II.  Geddes' Incarceration Does Not Warrant a Stay or Dismissal

Next, Geddes argues the conditions of his confinement at FCI Otisville make it "very prejudicial [for him] to proceed in this action without . . . being represented," thereby warranting

---

[29] *Id.* at *6 (quoting *United States v. Buckardt*, No. C19-00052 RAJ, 2019 U.S. Dist. LEXIS 189311, at *7 (W.D. Wash. Oct. 31, 2019)).  The Tenth Circuit has also observed that the Tax Court does not have jurisdiction over untimely petitions, which suggests Geddes' petition is unlikely to be heard.  *See Mabbett v. Comm'r of the IRS*, 610 F. App'x 760, 762–63 (10th Cir. 2015); *Armstrong v. Comm'r*, 15 F.3d 970, 973 n.2 (10th Cir. 1994).

[30] *Bader*, 2021 U.S. Dist. LEXIS 228309, at *6.

[31] *Complaint* ¶ 3.

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[33] *Bader*, 2021 U.S. Dist. LEXIS 228309, at *6 (rejecting defendant's challenge to the court's subject matter jurisdiction based on a defective "notice of deficiency").

[34] *See Buckardt*, 2019 U.S. Dist. LEXIS 189311, at *4–7 (explaining that these statutes clearly authorized extended matter jurisdiction over a similar civil recovery action); *see also* 26 U.S.C. §§ 7402, 7403; 28 U.S.C. §§ 1340, 1345.

a stay or even dismissal of this action.[35]  The United States counters that "counsel intends to engage in written discovery with [] Geddes and take his deposition upon arrangement with FCI Otisville," and will work with Geddes' prison counsel to allow his virtual attendance at any other necessary depositions.[36]  Moreover, the United States maintains that "Geddes' incarceration is not grounds to stay this civil matter."[37]

While the court appreciates the challenges faced by Geddes, "it fails to understand how these burdens distinguish [his] case from any other matters where incarcerated, pro se litigants face substantial challenges representing their interests."[38]  There is "significant case law" in which courts routinely reject inmate requests to stay civil proceedings pending their release from prison.[39]  Moreover, despite Geddes' purported limited access to resources at FCI Otisville, he continues to demonstrate that he has the ability to file multiple motions, respond to the United States' filings, and conduct wide-ranging legal research.[40]  On balance, the court concludes Geddes' situation does not warrant a stay of these proceedings, let alone dismissal.

### III. Geddes' Remaining Arguments

The balance of Geddes' briefing focuses on relitigating the circumstances of his criminal conviction, disputing the court's denial of his earlier motion to dismiss, prematurely requesting compelled discovery, and making "sovereign citizen" or "tax-defier" arguments.[41]  Having considered these contentions, the court concludes they do not warrant the relief Geddes seeks,

---

[35] Dkt. 65 at 1.

[36] *United States' Opposition* at 2.

[37] *See id.* (citing *Biles v. Schneider*, No. 19-CV-48-F, 2019 U.S. Dist. LEXIS 238913, at *6–8 (D. Wyo. Aug. 7, 2019) (collecting cases showing courts' routine refusal to grant stays based on a civil litigant's incarceration)).

[38] *See Biles*, 2019 U.S. Dist. LEXIS 238913, at *6.

[39] *Id.* at *6–8 (collecting cases).

[40] *See generally* Dkts. 64–66, 72–73, 77–80.

[41] *See, e.g.*, Dkt. 65 at 7–8; Dkt. 65-1 at 10–13.

and are therefore denied.[42]

## CONCLUSION

For the reasons stated above, Geddes' objections are OVERRULED and his Motion to

Dismiss or Stay Proceedings, Motion to Compel Discovery, Request for Ratification of

Commencement, and other related filings are DENIED.

SO ORDERED this 21st day of September, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[42] *See, e.g.*, *Charlotte v. Hanson*, 433 F. App'x 660, 661 (10th Cir. 2011) ("[W]e note that an individual's belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law." (internal quotation marks and citation omitted)); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (addressing a list of unavailing tax-protestor arguments); *Utah Dep't of Workforce Servs. v. Geddes*, No. 2:13-CV-24 TS, 2013 U.S. Dist. LEXIS 49177, at *5 (D. Utah Apr. 4, 2013) ("Courts have routinely found the sovereign citizen argument as 'completely without merit' and 'patently frivolous.'" (collecting cases)).