IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>v.<br><br>DERALD W. GEDDES; BLACK ROCK VENTURES, LLC; NATIONWIDE BANK; and WEBER COUNTY, UTAH,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:17-cv-00167-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

　　　　This case arises from Defendant Derald W. Geddes' failure to file accurate tax returns. Geddes was criminally indicted for his dealings with the IRS in 2015, which ultimately culminated in a criminal conviction and a five-year term of imprisonment. In 2017, the United States brought this civil action against Geddes seeking to reduce Geddes' various tax assessments and civil penalties to judgment and foreclose on real property owned by Geddes located at 1500 36th Street in Ogden, Utah (the Subject Property). The action stalled because Geddes left the country for Chile shortly after he was indicted, and the United States was unable to effectuate service.

　　　　Fact discovery in this civil matter closed on December, 6, 2024, and now the United States moves for summary judgment.[1] Also pending are what Geddes styles a "Cross-Motion to United States' Motion For Summary Judgment Rule 12(b),"[2] which the court construes as

---

[1] Dkt. 140, *United States' Motion for Summary Judgment and Supporting Memorandum* (*United States' Motion for Summary Judgment*).

[2] Dkt. 144, *Geddes' Cross-Motion to United States' Motion for Summary Judgment Rule 12(b)* (*Cross-Motion for Summary Judgment*).

1

Geddes' Cross-Motion for Summary Judgment, and several discovery-related requests and objections raised by Geddes.[3] For the following reasons, the court GRANTS the United States' Motion for Summary Judgment and DENIES all other pending motions.

## FACTUAL BACKGROUND[4]

In March 2022, Geddes was convicted in this court under 26 U.S.C. § 7212(a) (Corrupt Endeavor to Obstruct the Due Administration of the Internal Revenue Laws), 26 U.S.C. § 7201 (Willful Evasion of Payment of Income Tax for the 1997, 1998, 1999, 2002, 2003, 2004, and 2005 tax years), and 26 U.S.C. § 7206(a) (Filing a False Tax Return for the 2011 tax year).[5] Relevant to this civil case, Geddes earned income but failed to file accurate federal income tax returns for the 2003 through 2005 tax years.[6] Geddes underreported his income during these years after buying into a tax shelter structure and operating his dental practice under entities named Crofton Trust and Foothill Trust.[7] Geddes claimed zero income for the 2003-2005 tax years[8]; he believes he is exempt from federal income taxation and claimed no deductions for those years because he believes he did not make income.[9]

---

[3] Dkt. 121, *Notice of Pending US Tax Court Petition and IRS Collection Due Process Hearing and Motion for Stay* (*Motion to Stay*); Dkt. 122, *Motion for Order to Unseal Court Records and Order that All Gov. Officers and Agents Disclose Information Requested* (*Motion to Unseal*); Dkt. 132, *Defendant's Statement of Discovery Issues Short Form Response to Motion to Quash of Maria Salmon (ECF 131) and All Others who Refused Subpoenas to Be Deposed (DUCR 37(a))* (*Motion for Short Form Discovery*).

[4] The court draws the following facts from the parties' summary judgment briefing and attached exhibits.

[5] *United States' Motion for Summary Judgment* ¶ 1; *see also* Sealed Indictment, *United States v. Geddes*, No. 1:15-cr-00093-TC, 2021 WL 4129256 (D. Utah Sept. 9, 2021), ECF No. 1; Judgment in a Criminal Case, *United States v. Geddes*, No. 1:15-cr-00093-TC, 2021 WL 4129256 (D. Utah Sept. 9, 2021), ECF No. 183.

[6] *United States' Motion for Summary Judgment* ¶ 2; Dkt. 140-20, *Declaration of Wanda Manley* ¶ 4; Judgment in a Criminal Case, *United States v. Geddes*, No. 1:15-cr-00093-TC, 2021 WL 4129256 (D. Utah Sept. 9, 2021), ECF No. 183.

[7] *United States' Motion for Summary Judgment* ¶ 3; *Declaration of Wanda Manley* ¶ 4; Dkt 140-19, *Deposition of Derald Geddes* at 16:17–22:8.

[8] *United States' Motion for Summary Judgment* ¶ 4; *Deposition of Derald Geddes* at 102:2–103:21; Dkt. 140-10, *2003 Tax Return* at 5–6; Dkt. 140-11, *2004 Tax Return* at 5; Dkt. 140-12, *2005 Tax Return* at 6.

[9] *United States' Motion for Summary Judgment* ¶ 5; *Deposition of Derald Geddes* at 102:2–104:10.

For the 2003 through 2005 tax years, the IRS conducted an audit, determined the amount of tax Geddes owed, and mailed a statutory notice of deficiency to Geddes for each of those years.[10] The IRS made assessments as follows: 2003 income tax, assessed on 3/19/2007, in the amount of $42,392.00;[11] 2004 income tax, assessed on 11/19/2007, in the amount of $129,141.00;[12] and 2005 income tax, assessed on 11/19/2007, in the amount of $142,549.00.[13] The IRS also assessed fraud penalties under 26 U.S.C. § 6663 and 6651(f) for the 2004 and 2005 tax years as follows: 2004 fraud penalty, assessed on 11/19/2007, in the amount of $102,405.00;[14] and 2005 fraud penalty, assessed on 11/19/2007, in the amount of $96,327.13.[15] Geddes has not made full payment of the assessed amounts.[16] Accounting for tax, interest, and fines accruing through October 23, 2024, the IRS calculated a total outstanding balance of $1,348,417.05 for the 2003, 2004, and 2005 years combined.[17]

For the 2007 through 2010 tax years, the IRS assessed a total of $30,000 in penalties to Geddes under 26 U.S.C. § 6702 for filing six fraudulent returns.[18] Accounting for tax, interest, and fines accruing through October 23, 2024, the IRS calculated a total outstanding balance of

---

[10] *United States' Motion for Summary Judgment* ¶ 6; *Declaration of Wanda Manley* ¶¶ 5–6; Dkt. 140-2, *2003 Form 4340*; Dkt. 140-3, *2004 Form 4340*; Dkt. 140-3, *2005 Form 4340*.

[11] *2003 Form 4340* at 3.

[12] *2004 Form 4340* at 3.

[13] *2005 Form 4340* at 2.

[14] *2004 Form 4340* at 2; *United States' Motion for Summary Judgment* ¶8 (typographical error corrected by Dkt. 168, *United States' Response to the Court's April 28, 2025 Order (ECF No. 167)*).

[15] *2005 Form 4340* at 2; *United States' Motion for Summary Judgment* ¶8 (typographical error corrected by Dkt. 168, *United States' Response to the Court's April 28, 2025 Order (ECF No. 167)*).

[16] *Declaration of Wanda Manley* ¶ 10.

[17] *Id.* ¶¶ 11–21; *United States' Motion for Summary Judgment* ¶ 10; Dkt. 140-21, *Outstanding Balance Calculations*.

[18] *Id.* ¶¶ 8–9; *Deposition of Derald Geddes* at 87:16–88:14; Dkt. 140-5, *2007 Form 4340*; Dkt. 140-6, *2008 Form 4340*; Dkt. 140-7, *2009 Form 4340*; Dkt. 140-8, *2010 Form 4340*.

$52,078.48 for these penalties.[19] All IRS assessments and penalties were recorded on "Forms 4340," which are IRS "Certificate[s] of Assessments and Payments."[20] The total outstanding sum the United States seeks to collect from Geddes is $1,400,495.53.[21]

As to the Subject Property, Geddes admits that he is the owner,[22] and other relevant parties have either disclaimed any interest in it or stipulated to a lien priority distribution in the event of a sale.[23]

## PROCEDURAL BACKGROUND

Geddes was indicted on December 12, 2015, on one count of tax obstruction under 26 U.S.C. § 7212(a), one count of tax evasion under 26 U.S.C. § 7201, and three counts of willfully filing false tax returns in the years 2011, 2012, and 2013 under 26 U.S.C. § 7206(1).[24] Shortly after he was indicted, this court granted the United States' Motion to Unseal the Indictment because the United States believed Geddes fled to Chile, and the United States sought to provide the Indictment and arrest warrant to INTERPOL (the IRS attaché that is responsible for working with the Chilean government).[25] After his arrest nearly four years later,[26] a jury

---

[19] *Declaration of Wanda Manley* ¶¶ 11–21; *Outstanding Balance Calculations*.

[20] *United States' Motion for Summary Judgment* ¶ 20.

[21] *Outstanding Balance Calculations*; *United States' Motion for Summary Judgment* at p. 1–2, 17.

[22] *Deposition of Derald Geddes* at 112:12–113:16.

[23] *See Stipulation of Dismissal of Suzanne Grismore Geddes*; *Stipulated Motion to Dismiss Utah State Tax Commission Without Prejudice*; *Stipulation Between the United States, Weber County, and Nationwide Bank regarding Lien Priority*.

[24] Sealed Indictment, *United States v. Geddes*, No. 1:15-cr-00093-TC, 2021 WL 4129256 (D. Utah Sept. 9, 2021), ECF No. 1.

[25] Sealed Ex Parte Motion to Unseal Indictment at 2, *United States v. Geddes*, No. 1:15-cr-00093-TC, 2021 WL 4129256 (D. Utah Sept. 9, 2021), ECF No. 8; Docket Text Order Granting Sealed Ex Parte Motion to Unseal Indictment, *United States v. Geddes*, No. 1:15-cr-00093-TC, 2021 WL 4129256 (D. Utah Sept. 9, 2021), ECF No. 9.

[26] Arrest Warrant Return Executed, *United States v. Geddes*, No. 1:15-cr-00093-TC, 2021 WL 4129256 (D. Utah Sept. 9, 2021), ECF No. 12.

convicted Geddes on all counts.[27] He was sentenced to five years in prison and three years of supervised release.[28]

While his criminal case was pending, the United States filed the instant civil action to reduce Geddes' tax assessments and civil penalties to judgment and to foreclose on the Subject Property.[29] The United States brought suit against Geddes, Black Rock Ventures LLC (an entity used by Geddes to encumber the Subject Property), and four parties who the United States believed may have an interest in the Subject Property: Nationwide Bank, State of Utah Tax Commission, Weber County, and Suzanne Grismore Geddes (Derald's sister).[30]

Nationwide Bank, Weber County, and the United States later stipulated to the following distribution of sale proceeds in the event of foreclosure and judicial sale: first, to the United States to the extent of its costs and expenses of the sale; second, to Weber County to satisfy any existing Weber County secured real property tax liens; third, to Nationwide Bank to satisfy the amount owed on the Note secured by a December 22, 2004 Deed of Trust; and fourth, the balance to the United States to be applied to Geddes' outstanding federal tax liabilities.[31] The State of Utah and Suzanne disclaimed any interest in the property and were dismissed from the case.[32] Finally, Black Rock Ventures failed to enter an appearance and the Clerk of Court issued

---

[27] Judgment in a Criminal Case, *United States v. Geddes*, No. 1:15-cr-00093-TC, 2021 WL 4129256 (D. Utah Sept. 9, 2021), ECF No. 183.

[28] *Id*.

[29] Dkt. 2, *Complaint*.

[30] *Id*. ¶¶ 5–10.

[31] Dkt. 21, *Stipulation Between the United States, Weber County, and Nationwide Bank regarding Lien Priority*.

[32] Dkt. 158, *Stipulation of Dismissal of Suzanne Grismore Geddes*; Dkt. 163, *Order*; Dkt. 68, *Stipulated Motion to Dismiss Utah State Tax Commission Without Prejudice*; Dkt. 69, *Order Granting Motion to Dismiss Utah State Tax Commission*.

a Default Certificate as to Black Rock Ventures on August 16, 2024.[33] Geddes is the sole remaining Defendant against whom the United States seeks relief.[34] He proceeds Pro Se.

During discovery, the United States served requests for admissions on Geddes seeking to confirm the authenticity of the IRS' Forms 4340 detailing Geddes' assessments and penalties for the 2003, 2004, 2005, 2007, 2008, 2009, and 2010 years.[35] The United States also sought to confirm that Geddes received notice of deficiency letters from the IRS for the 2003, 2004 and 2005 tax years.[36] Geddes denied the authenticity of the Forms 4340 and did not recall receiving the notices of deficiencies; specifically, he contended that the validity of the Forms 4340 were in dispute based on his July 2019 tax court petition[37] and that he "does not recall receiving an accurate, truthful, correct, lawful, or valid notice of deficiency . . . ."[38]

The scheduling order governing discovery in this case was amended nine different times.[39] Relevant here, the close of fact discovery was most recently set for December 6, 2024.[40] Geddes was the party responsible for the latest extension of fact-discovery by moving the court to require the United States to depose his sister and former co-defendant Suzanne Geddes.[41] The

---

[33] Dkt. 111, *Default Certificate*.

[34] Defendants Weber County and Nationwide Bank were never formally dismissed from the lawsuit, apparently to reserve the right to have this court decide any lien disputes if needed. *See Stipulation Between the United States, Weber County, and Nationwide Bank regarding Lien Priority* ¶ 8.

[35] *United States' Motion for Summary Judgment* ¶ 20; Dkt. 140-16, *United States' Requests for Admissions (First Set) to Defendant Derald W. Geddes* ¶¶ 1–7.

[36] *United States' Motion for Summary Judgment* ¶ 20; *United States' Requests for Admissions (First Set) to Defendant Derald W. Geddes* ¶¶ 10–12.

[37] Dkt. 140-9, *Answers to United States' Interrogatories (First Set) by Defendant Derald W. Geddes and Responses to Same's Request for Admissions (First Set) by Same Defendant and Attached Memorandum* at 2.

[38] *Id*. at 3.

[39] *See* Dkts. 63, 76, 85, 91, 106, 112, 120, 125, 139.

[40] Dkt. 125, *Order Granting in Part and Denying in Part Motion to Amend Scheduling Order*.

[41] Dkt. 114, *Defendant's Answer to Plaintiff's Motion to Amend Scheduling Order and Defendant's Motion to Extend or Reopen Discovery Period and Other Relief as Indicated*.

court granted in part Geddes' motion, explaining "there is no basis to compel the [the United States] to take Suzanne Geddes' deposition," but agreeing to reopen discovery temporarily "if [Geddes] seeks to depose her."[42] Geddes thereafter scheduled several depositions, including a deposition of Suzanne, for December 5, 2024; however, Geddes cancelled all of them except for depositions of his other sister, Marian Salmon, and Rossana Geddes, his ex-spouse.[43] The United States appeared for these depositions but Geddes was absent.[44] Salmon, who is not and was never a party to this suit, had moved to quash the subpoena the day before it had been scheduled.[45] Two days after the close of fact discovery, Geddes moved to compel a deposition of Inga Plucinski-Holbrook,[46] an IRS attorney at one point assigned to this case and whose deposition Geddes initially scheduled for December 5, 2024 but cancelled.[47]

The United States now moves to reduce to judgment Geddes' federal income tax assessments for the 2003 through 2005 tax years and civil penalty assessments for the 2007 through 2010 tax years in the total amount of $1,400,495.53, plus statutory interest and other additions accruing through October 23, 2024.[48] The United States also requests 1) a decree that the United States has a perfected lien interest in all property and rights to property belonging to Geddes, including the Subject Property, as of the assessment dates; and 2) an order that the United States' lien be foreclosed upon the Subject Property, that the Subject Property be sold,

---

[42] Dkt. 125, *Order Granting in Part and Denying in Part Motion to Amend Scheduling Order*.

[43] *See* Dkt. 135-7, *Remote Legal Email Cancellations*; Dkt. 135, *United States' Response to Geddes' Statement*; Dkt. 132, *Defendant's Statement of Discovery Issues Short Form Response to Motion to Quash of Maria Salmon (ECF 131) and All Others who Refused Subpoenas to Be Deposed (DUCR 37(a))* (*Motion for Short Form Discovery*).

[44] *See* Dkt. 135-8, *Transcripts of December 5 Depositions*.

[45] Dkt. 131, *Non-Party Marian Salmon's Objection to Subpoena and Motion to Quash Subpoena* (*Motion to Quash*).

[46] *Motion for Short Form Discovery*.

[47] *Remote Legal Email Cancellations* at 1; *United States' Response to Geddes' Statement*.

[48] *United States' Motion for Summary Judgment* at p. 1–2, 17.

7

and that the proceeds from the sale be distributed to Nationwide Bank, Weber County, and the United States under their stipulation regarding lien priority.[49] In Response, Geddes filed his own "Cross-Motion to United States' Motion For Summary Judgment Rule 12(b)," which the court construes as Geddes' Cross-Motion for Summary Judgment under Rule 56.[50]

Also unresolved are the following Motions filed by Geddes: a motion to stay on account of his petition in tax court;[51] a motion to unseal court records related to his criminal conviction;[52] and a motion for short form discovery, wherein he again seeks to depose Inga Plucinski-Holbrook and Marian Salmon, among others.[53] To the extent these Motions prompted additional briefing, the court identifies the briefs in the corresponding footnotes below.

## LEGAL STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[54] A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[55] A fact

---

[49] *Id.* at p. 2, 17.

[50] Dkt. 144, *Geddes' Cross-Motion to United States' Motion for Summary Judgment Rule 12(b)* (*Opposition to Summary Judgment*); Dkt. 164, United States' Memorandum in Opposition to Geddes' Motion; Dkt. 165, *Derald Geddes' Reply Memorandum to United States' Opposition to Geddes' Cross-Motion for Summary Judgment*.

[51] Dkt. 121, *Notice of Pending US Tax Court Petition and IRS Collection Due Process Hearing and Motion for Stay* (*Motion to Stay*); Dkt. 126, *United States' Response to Motion to Stay* (*ECF No. 121*); Dkt. 133, *Reply to United States' Response to Motion to Stay*.

[52] Dkt. 122, *Motion for Order to Unseal Court Records and Order that All Gov. Officers and Agents Disclose Information Requested* (*Motion to Unseal*); Dkt. 127, *United States' Response to Motion for Order to Unseal*; *Derald W. Geddes' Reply to United States' Response to Motion for Order to Unseal Documents & Disclosures*.

[53] Dkt. 131, *Non-Party Marian Salmon's Objection to Subpoena and Motion to Quash Subpoena* (*Motion to Quash*); Dkt. 132, *Defendant's Statement of Discovery Issues Short Form Response to Motion to Quash of Maria Salmon (ECF 131) and All Others who Refused Subpoenas to Be Deposed (DUCR 37(a))* (*Motion for Short Form Discovery*); Dkt. 134, *Non-Party Marian Salmon's Combined Memorandum (i) in Opposition to Defendant Derald W. Geddes's Statement of Discovery Issues, and (ii) in Reply to Her Motion to Quash*; Dkt. 135, *United States' Response to Geddes Statement* (*ECF No. 132*); Dkt. 136, *Geddes' Reply Memorandum to United States' Response of Discovery Issues*.

[54] Fed. R. Civ. P. 56(a).

[55] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

is material if, under the governing substantive law, it could affect the outcome of the suit.[56] When applying this standard, the court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party."[57]

"Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another."[58] Each "moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment."[59] Even though a defendant "does not have the ultimate burden of persuasion at trial," when moving for summary judgment, a defendant has "both the initial burden of production . . . and the burden of establishing that summary judgment is appropriate as a matter of law."[60]

## ANALYSIS

Geddes' various Motions seeking to stay the case, to unseal court records, and to pursue depositions against non-parties Marian Salmon (his sister) and Inga Plucinski-Holbrook (an IRS attorney) are without merit. Furthermore, because the evidentiary record presents no genuine issue of material fact as to the United States' entitlement to reduce Geddes' tax assessments and civil penalties to judgment and foreclose on the Subject Property, the court grants summary judgment in favor of the United States.

### I. Geddes' Motions

#### a. Motion to Stay

---

[56] *Id.* at 248; *see also United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997) ("The substantive law of the case determines which facts are material.").

[57] *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).

[58] *Buell Cabinet Co., Inc. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).

[59] *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)).

[60] *Trainor*, 318 F.3d at 979 (citation omitted).

On October 28, 2024, Geddes filed a Motion to Stay the United States' suit against him on account of a US Tax Court Petition he says he filed in 2019.[61] This was Geddes' second motion for a stay on account of the same petition,[62] which the United States notes is untimely because it was filed 12 years after the relevant assessments were made.[63] As this court previously stated, "the statutes governing Tax Court jurisdiction . . . do not impact federal district court jurisdiction."[64] In Geddes' renewed motion, he does not identify any other basis or authority requiring this court to issue a stay. Accordingly, the Motion is Denied.

      b. Motion to Unseal

On October 28, 2024, Geddes filed a Motion to Unseal Court Records and "Order That All Gov. Officers and Agents Disclose Information Requested."[65] Though unclear, the motion appears to request an order unsealing unspecified documents in his criminal case and affirming a bevy of his grievances related to his criminal conviction. But the Motion does not appear to request any relief related to this civil action. Moreover, Geddes does not identify any relevant authority on which this court can issue the relief he requests. Accordingly, the Motion is denied.

      c. Motion for Short Form Discovery

---

[61] *Motion to Stay*.

[62] *See* Dkt. 65, *Objection to Scheduling Conference, Motion to Dismiss or Stay Proceedings, Motion to Compel Discovery, Request for Ratification of Commencement, and other related filings*; Dkt. 86, *Memorandum Decision and Order*.

[63] *United States' Response to Motion to Stay* (*ECF No. 121*) at 2; *United States' Motion for Summary Judgment* at 2–3, 14, ¶7.

[64] Dkt. 86, *Memorandum Decision and Order* at 5 (citing *United States v. Bader*, No. 1:20-cv-03017-RMR, 2021 U.S. Dist. LEXIS 228309, at *6 (D. Colo. Aug. 16, 2021) (internal citation omitted)).

[65] *Motion to Unseal*.

The operative scheduling order set the close of discovery for December 6, 2024,[66] which was established pursuant to Geddes' motion to reopen discovery.[67] Geddes scheduled several depositions for December 5, 2024, but he cancelled all but two of them, and nevertheless did not appear for the two he did not cancel.[68] One of the non-cancelled depositions was for Geddes' sister Marian Salmon.[69] On November 26, 2024, Geddes served Salmon with a subpoena to testify at the December 5, 2024 deposition.[70] Salmon moved to quash the subpoena on December 4, 2024.[71] As Salmon pointed out, the subpoena did not comply with local rules, court orders, and appeared to have been issued for an improper purpose relating to Geddes' separate litigation against Salmon in state court.[72] Among other deficiencies, when Geddes moved to reopen discovery, Geddes nowhere mentioned Salmon or information she may have as a basis for doing so.[73] Neither did Geddes meet and confer with Salmon or her counsel regarding the deposition.[74] Additionally, under Local Rule 45-1, a subpoena seeking document production may not be filed on a non-party "until 5 days after the service of the notice."[75] Geddes filed the subpoena, which demanded production of documents, only four days after service.[76] Additionally, the subpoena demanded Salmon's appearance within two weeks, which "fail[ed] to

---

[66] Dkt. 125, *Order Granting in Part and Denying in Part Motion to Amend Scheduling Order*.

[67] *Defendant's Answer to Plaintiff's Motion to Amend Scheduling Order and Defendant's Motion to Extend or Reopen Discovery Period and Other Relief as Indicated*.

[68] *Remote Legal Email Cancellations*; *Transcripts of December 5 Depositions*.

[69] *Transcripts of December 5 Depositions*.

[70] *Motion to Quash*, Ex. A.

[71] *Motion to Quash*.

[72] *See generally*, *id.*

[73] Dkt. 114, *Defendant's Answer to Plaintiff's Motion to Amend Scheduling Order and Defendant's Motion to Extend or Reopen Discovery Period and Other Relief as Indicated*.

[74] *Motion to Quash* at 2, 17.

[75] DUCivR 45-1.

[76] *Motion to Quash* at 5, 11.

allow a reasonable time to comply."[77]  Salmon was therefore not required to comply with the subpoena.[78]  In any case, Geddes did not appear for Salmon's deposition and discovery has closed, so the court denies as moot Salmon's Motion to Quash.

Responding to Salmon's Motion to Quash, Geddes filed a "Statement of Discovery Issues" seeking to depose Salmon, Inga Plucinski-Holbrook (an IRS attorney who was at one point assigned to this matter), and several others.[79]  For the reasons explained above, Salmon was not required to comply with the Geddes' subpoena.  And as to Plucinski-Holbrook, any relevant information she possesses with respect to this case is protected by attorney-client privilege or attorney work-product doctrine.  Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Federal Rule of Civil Procedure 45 requires courts to quash a subpoena that "requires disclosure of privileged or other protected matter."[80]  Counsel for a party may only be deposed in limited circumstances: "when the party seeking to take the deposition can demonstrate that '(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'"[81]  Geddes does not show that any of these circumstances are present here.  Thus, Geddes is not entitled to depose Plucinski-Holbrook.  In his Motion, Geddes lists other individuals he would like to depose,

---

[77] Fed. R. Civ. P 45(d)(3)(A)(i).

[78] *See id.*

[79] *Motion for Short Form Discovery* at 3–4; *United States' Response to Geddes Statement* (*ECF No. 132*) at 2–4.

[80] Fed. R. Civ. P. 45(d)(3)(A)(iii).

[81] *Capana Swiss Advisors AG v. Rymark, Inc.*, 2024 WL 4564551, at *2 (D. Utah Oct. 24, 2024) (*quoting Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)); *see also Boughton v. Cotter Corporation*, 65 F.3d 823 (10th Cir. 1995) (approving and adopting the criteria set forth in Shelton).

several of whom were scheduled to be deposed on December 5, 2024, had Geddes not cancelled them or failed to appear. But he fails to explain why he was unable to conduct these depositions during the years-long discovery process underlying this litigation and otherwise fails to demonstrate he is entitled to any relief related to these additional depositions. The Motion is therefore denied.

## II. United States' Motion for Summary Judgment

The United States moves to reduce to judgment the IRS' assessments and penalties against Geddes. Under 26 U.S.C. § 7402, district courts have the power to render judgments "as may be necessary or appropriate for the enforcement of the internal revenue laws."[82] To reduce an assessment to judgment, the United States must establish a prima facie case "supported by a minimal evidentiary foundation, at which point a presumption of correctness arises."[83] The United States meets this threshold with "some substantive evidence . . . demonstrating that the taxpayer received unreported income."[84] Forms 4340 "are routinely used to prove that [a] tax assessment has in fact been made [and] . . . are presumptive proof of a valid assessment."[85] And "[i]f a taxpayer does not present evidence indicating to the contrary, a district court may properly rely on the forms to conclude that valid assessments were made."[86]

Here, the United States has produced Forms 4340 for the 2003, 2004, and 2005 tax years demonstrating the presumptive validity of its assessments against Geddes for those years.[87] The

---

[82] 26 U.S.C. § 7402(a).

[83] *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991)).

[84] *Id*. (citations omitted).

[85] *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992) (citations and internal quotations omitted).

[86] *Id*. at 737–38.

[87] *2003 Form 4340*; *2004 Form 4340*; *2005 Form 4340*.

United States has also produced Forms 4340 for the 2007, 2008, 2009, and 2010 tax years demonstrating the presumptive validity of its civil penalties against Geddes for those years.[88] Geddes does not specifically oppose the United States' Motion for Summary Judgment but instead asserts his own Cross-Motion. In this Motion, Geddes contends that the IRS' assessments against him "are void for IRS fraud" and "vindictive."[89] As support, Geddes challenges the various Forms 4340 as "procedurally [in]valid" because they lack certain signatures or, to the extent they were signed, they were signed by individuals without the authority to do so.[90] However, Geddes provides no factual basis for these contentions, nor any legal bases suggesting his complained-of procedural improprieties would render the Forms 4340 fraudulent or would otherwise create a fact-issue as to the validity of the Forms 4340. Accordingly, because Geddes has not "present[ed] evidence indicating to the contrary," the court "properly rel[ies]" on the Forms 4340 to reduce to judgment the assessments and penalties contained therein.[91]

In his Cross-Motion, Geddes also complains he was unable to raise adequate defenses in his criminal case due to "prosecutorial misconduct,"[92] repeatedly challenges the validity of the criminal indictment issued in 2015,[93] and rehashes his displeasure that many of the records in his criminal case remain sealed.[94] However, Geddes does not submit relevant evidence

---

[88] *2007 Form 4340*; *2008 Form 4340*; *2009 Form 4340*; *2010 Form 4340*.

[89] *Cross-Motion for Summary Judgment* at 1, 4.

[90] *Id*. at 5–6.

[91] *Guthrie*, 970 F.2d at 737–38.

[92] *Cross-Motion for Summary Judgment* at 2, 19.

[93] *Id*. at 2–5.

[94] *Id*. at 3–4.

demonstrating the validity of any of these grievances or explain their relevance to this civil action.

Geddes separately asserts "the principal question that this court must answer is whether" the IRS' Notices of Federal Tax Liens "arose from valid statutory notices of deficiency."[95] Geddes asks the court to "go behind the paper and verify the facts" and that, because *Chevron* v. *National Resources Defense Council*[96] was overturned,[97] the court can "review de novo" the IRS' actions.[98] Geddes fundamentally misstates the standards and burdens under Federal Rule of Civil Procedure 56 and the relevant case law. Geddes does not identify any statutory or rule-interpretation question that would implicate matters relevant to the overturning of *Chevron*. The United States submitted presumptively valid evidence that it issued statutory notices of deficiency to Geddes after conducting an audit,[99] and Geddes offers no contradictory evidence. Summary judgment is therefore appropriate.[100]

Beyond the concrete evidence offered by the United States, the United States asked Geddes to admit that he received statutory notices of deficiency in its first set of requests for admissions.[101] Geddes responded that he "does not recall" receiving "accurate, truthful, correct, lawful, or valid" notices of deficiencies.[102] Not only was Geddes' response untimely,[103] which

---

[95] *Id.* at 10–11.

[96] 467 U.S. 837 (1984).

[97] *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024).

[98] *Cross-Motion for Summary Judgment* at 10–11.

[99] *Declaration of Wanda Manley* ¶ 5.

[100] *See Long v. United States*, 972 F.2d 1174, 1181 n.9 (10th Cir. 1992) ("[T]he taxpayer has the burden of going forward with evidence and the burden of persuasion to overcome the presumption attaching to the Forms 4340.").

[101] *United States' Requests for Admissions (First Set) to Defendant Derald W. Geddes* ¶¶ 10–12.

[102] *Answers to United States' Interrogatories (First Set) by Defendant Derald W. Geddes and Responses to Same's Request for Admissions (First Set) by Same Defendant and Attached Memorandum* at 2–3.

[103] *United States' Motion for Summary Judgment* at p. 13. The United States filed its request for admissions—which sought responses within 30 days—on March 24, 2023. Geddes filed his response on June 27, 2024.

allows the court to deem the United States' request admitted,[104] it was also unresponsive. The relevant requests for admission did not ask whether Geddes believed the statutory notices were valid; rather, the United States asked whether he received the notices at all.[105] In any case, given the evidence in the record, the fact that Geddes may not recall receiving the relevant notices does not create a genuine fact issue as to whether he received them. Nor does his subjective belief, unsupported by evidence, that the notices were invalid create a genuine fact issue as to their validity. The United States has offered evidence that the notices were issued,[106] and Geddes has produced no relevant evidence to the contrary. Accordingly, on the evidence before it, the court concludes no reasonable juror could find in Geddes' favor that there was any issue with the IRS' statutory notices of deficiencies that would create a legitimate dispute as to the United States' entitlement to reduce to judgment the IRS' assessments against him.

Finally, the United States is entitled to foreclose on the Subject Property and receive the proceeds of the sale of the property, subject only to the two senior liens of Nationwide Bank and Weber County, Utah. Under 26 U.S.C. § 6321, a lien arises in favor of the United States and attaches to all property and rights to property of a delinquent taxpayer at the time any tax or penalty is assessed. Furthermore, 26 U.S.C. § 7403(a) authorizes the United States to enforce a federal tax lien created by a taxpayer's failure to pay tax against any property in which the taxpayer has a right, title, or interest. And 26 U.S.C. § 7403(c) empowers courts to adjudicate the United States' claims to property through a taxpayer's refusal or neglect to pay any tax and authorizes the United States to foreclose federal tax liens upon encumbered property, to sell the

---

[104] *De Gomez v. Adams Cnty.*, No. 20-cv-01824-CMA-NYW, 2022 WL 1439113, at *5 (D. Colo. May 6, 2022), *aff'd sub nom*, *Gonzalez de Gomez v. Adams Cnty.*, No. 22-cv-1199, 2023 WL 5163988 (10th Cir. Aug. 11, 2023).

[105] *United States' Requests for Admissions (First Set) to Defendant Derald W. Geddes* ¶¶ 10–12.

[106] *Declaration of Wanda Manley* ¶ 5.

property, and to apply the proceeds of the sale to the unpaid federal tax liability at issue.[107] Section 7403(c) requires the United States to name as parties in any such action all persons who have liens upon or claim an interest in the property involved to allow them to assert a claim if they wish.  Section 7403(c) further provides that, after all parties have been duly notified of any such action, the court must determine the merits of all claims to and liens upon the property.  The court may then decree a sale of the property and a distribution of the proceeds according to the court's findings as to the parties' relative claims.

      Here, Geddes owes substantial federal tax and penalty liabilities, and the United States is entitled to foreclose on the Subject Property under 26 U.S.C. § 7403 to collect against those liabilities.  All other parties currently or formerly involved in this matter have either defaulted,[108] disclaimed any ownership interest in the Subject Property,[109] or stipulated with the United States as to the relevant lien priorities.[110]  Because Geddes has not provided any evidence creating a genuine issue of material fact as to the United States' right to foreclose on the Subject Property, the court grants summary judgment in favor of the United States.

---

[107] 26 U.S.C. § 7403; *see also United States v. Rodgers*, 461 U.S. 677, 699–700 (1983) ("Among the advantages of a § 7403 proceeding is that it gives the Federal Government the opportunity to seek the highest return possible on the forced sale of property interests liable for the payment of federal taxes. The provisions of § 7403 are broad and profound. Nevertheless, § 7403 is punctilious in protecting the vested rights of third parties caught in the Government's collection effort, and in ensuring that the Government not receive out of the proceeds of the sale any more than that to which it is properly entitled.").

[108] Dkt. 111, *Default Certificate*.

[109] *Stipulation of Dismissal of Suzanne Grismore Geddes*; *Stipulated Motion to Dismiss Utah State Tax Commission Without Prejudice*.

[110] *Stipulation Between the United States, Weber County, and Nationwide Bank regarding Lien Priority*.

## CONCLUSION

For the foregoing reasons, the court GRANTS the United States' Motion for Summary Judgment.[111]  The United States is entitled to reduce to judgment Geddes' IRS liabilities in the amount of $1,400,495.53, plus statutory interest and other additions accruing from October 23, 2024.  The United States has a perfected lien interest in all property and rights to property belonging to Defendant Derald W. Geddes, including the Subject Property, as of the relevant assessment dates.  The United States is entitled to foreclose upon the Subject Property and the proceeds from any sale shall be distributed according to the parties' stipulation.[112]  All remaining motions are DENIED.[113]  The Clerk of Court is directed to close the case.

SO ORDERED this 12th day of May 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[111] Dkt. 140.

[112] Dkt. 21.

[113] Dkts. 121, 122, 131, 132, 144.  Although Dkt. 142, *Geddes Motion for Leave to Extend Time to Object to United States' Motion for Summary Judgment (ECF 140)*, was not discussed in this Order, it is denied as moot given the United States filed its Motion for Summary Judgment on January 10, 2025, and Geddes responded with his own Cross-Motion and a further Reply in Support of his Cross-Motion in due course.