THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERALD W. GEDDES, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:17-cv-00167-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Defendant Derald Geddes' Motions seeking relief under Federal Rules of Civil Procedure 60(b) and 60(d).[1]  For the reasons explained below, the Motions are DENIED.

**BACKGROUND**[2]

In March 2022, Geddes was convicted under 26 U.S.C. § 7212(a) (Corrupt Endeavor to Obstruct the Due Administration of the Internal Revenue Laws), 26 U.S.C. § 7201 (Willful Evasion of Payment of Income Tax for the 1997, 1998, 1999, 2002, 2003, 2004, and 2005 tax years), and 26 U.S.C. § 7206(a) (Filing a False Tax Return for the 2011 tax year).[3]  While the criminal case was pending, the United States initiated this civil action to reduce Geddes's federal

---

[1] Dkt. 189, *Defendant's Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60 (b)* (*Motion*).  Geddes also filed a Motion for Leave to Amend the Rule 60(b) Motion to also seek relief under Rule 60(d)(3).  Dkt. 194, *Defendant's Motion for Leave to Amend Rule 60(b) Motion to Assert Independent Action for Fraud Upon the Court Pursuant to Fed. R. Civ. P. 60(d)(3)* (*Motion to Amend the Motion*).  The court considers the argument made in the Motion to Amend the Motion and denies the Motion on the merits, concluding Geddes is not entitled to Rule 60(d) relief.

[2] The court presumes familiarity with the underlying case and briefly summarizes the background here.  For a more fulsome factual and procedural background, see Dkt. 169, *Memorandum Decision and Order* (*Summary Judgment Order*) at 2–8.

[3] *Id.* at 2.

tax assessments and civil penalties to judgment and to foreclose on property he owned in Utah (Subject Property).[4]

On May 12, 2025, the undersigned granted the United States summary judgment and entered judgment in the amount of amount of $1,400,495.53, plus statutory interest and other additions accruing from October 23, 2024, and ordered that federal liens be foreclosed on the Subject Property.[5]

On June 2, 2026, Geddes filed the Motion asking the court to set aside the Summary Judgment Order under Rule 60(b).[6]  Geddes later filed a Motion to Amend the Motion to include an "independent action to set aside the judgment for 'fraud upon the court' under the savings clause of Rule 60(d)(3)."[7]  The Motion is fully briefed and ripe for review.[8]

## STANDARD

"Federal Rule of Civil Procedure 60(b) provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."[9]  A Rule 60 motion is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or

---

[4] *Id.* at 5.  The Subject Property is located at 1500 36th Street in Ogden, Utah.  *Id.* at 1.

[5] *Id.* at 18.

[6] *Motion* at 1.

[7] *Motion to Amend the Motion* at 1.

[8] *See* Dkt. 192, *United States' Memorandum in Opposition to Derald Geddes' Rule 60 Motion (ECF Nos. 189–190)* (*Opposition*); Dkt. 193, *Defendant's Reply Memorandum* (*Reply*); Dkt. 196, *Defendant Derald W. Geddes' Reply Memorandum in Support of Rule 60 Motions* (duplicative *Reply*); Dkt. 197, *United States' Supplemental Memorandum in Opposition to Derald Geddes' Rule 60 Motions (ECF No. 189, 190, 194)* (*Supp. Opposition*); Dkt. 198, *Supplemental Memorandum of Points and Authorities in Support of Defendant's Rule 60 Motions* (*Supp. Reply*).  Geddes also filed a motion requesting a hearing on the Motion.  *See* Dkt. 191, *Defendant's Motion to Set Hearing on Pending Rule 60(b), 60(d), Motion(s)*.  The court concludes this issue is best resolved on the papers. Accordingly, this Motion is DENIED.

[9] *Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020) (internal quotations omitted) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–70 (2010)).

supporting facts which were available at the time of the original motion.“[10]  Further, it is inappropriate for the Motion "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[11]  Indeed, Rule 60 relief is "extraordinary and may only be granted in exceptional circumstances."[12]

Exceptional circumstances exist if the movant establishes one of Rule 60(b)'s six enumerated grounds for relief.[13]  Geddes seeks relief under Rules 60(b)(3), 60(b)(4), and 60(b)(6).[14]  Rule 60(b)(3) states the court may relieve a party from a final judgment if there has be "fraud . . ., misrepresentation, or misconduct by an opposing party."[15]  Rule 60(b)(4) requires the court provide relief if the "judgment is void."[16]  And Rule 60(b)(6) permits the court may relieve a party from a judgment for "any other reason that justified relief."[17]  The Rule does not permit a party "to advanc[e] new arguments or supporting facts which were otherwise available" but not raised at the time of the original argument.[18]

Rule 60(c)(1) imposes a timeliness requirement.[19]  All motions seeking relief under Rule 60(b) must be filed within a "reasonable time."[20]  Motions seeking relief under Rule 60(b)(1),

---

[10] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[11] *Id.*

[12] *F.D.I.C. v. United Pac. Ins. Co.,* 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

[13] *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991).

[14] *Motion* at 3–8.

[15] Fed. R. Civ. P. 60(b)(3).

[16] *Id.* 60(b)(4); *see also Johnson*, 950 F.3d at 694 (stating "relief under Rule 60(b)(4) is mandatory").

[17] Fed. R. Civ. P. 60(b)(6).

[18] *Van Skiver*, 952 F.2d at 1243.

[19] Fed. R. Civ. P. 60(c)(1) ("[A] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) [of Rule 60(b)] no more than a year after the entry of the judgment.").

[20] *Id.*; *see also Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. For Visa-Pro Automative, LLC*, 607 U.S. 155, 158 (2026) (providing the "reasonable time" limitation applies to all Rule 60(b) motions).

(2), and (3) must also be filed within a year of the judgment.[21]  The limitations period begins to run when the court enters judgment.[22]

Rule 60(d)(3) provides, this "rule does not limit a court's power to . . . set aside a judgment for fraud on the court."[23]  Geddes amended the Motion to also ask the court to set aside the judgment under Rule 60(d)(3).

**ANALYSIS**

Geddes argues he is entitled to relief under Rule 60(b)(3), (4), (6), and 60(d).  The court addresses each ground in turn.

### I.      Rule 60(b)(3)

Geddes seeks relief under Rule 60(b)(3).[24]  This request is untimely.  The one-year limitation applies to Rule 60(b)(3).[25]  The summary judgment order was entered on May 12, 2025.[26]  Geddes first filed the Motion on June 2, 2026.[27]  Because more than a year had lapsed between the judgment and Motion, the Motion is time-barred.

### II.      Rule 60(b)(4)

Rule 60(b)(4) requires the court provide relief if the "judgment is void."[28]  A "void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even

---

[21] Fed. R. Civ. P. 60(c)(1).

[22] *In re Rumsey Land Co., LLC*, 944 F.3d 1259, 1278 (10th Cir. 2019).

[23] Fed. R. Civ. P. 60(d)(3).

[24] *Motion* at 6.  Rule 60(b)(3) provides the court may relieve a party from a final judgment if there has been "fraud . . ., misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).

[25] *In re Rumsey Land*, 944 F.3d at 1278.

[26] *Summary Judgment Order*.

[27] *Motion*; *see also Motion to Amend the Motion* (filed July 9, 2026).

[28] Fed. R. Civ. P. 60(b)(4); *see also Johnson*, 950 F.3d at 694 (stating "relief under Rule 60(b)(4) is mandatory").

after the judgment becomes final."[29]  Being erroneous does not render the judgment void.[30]

"Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[31]  Geddes argues the judgment here is void for two reasons: (1) the court "lacked statutory authority to enter judgment"[32] and (2) the government's failure to serve Geddes for 365 days violated his due process rights.[33]  The court is not persuaded.

The court had jurisdiction to reduce Geddes' tax assessments and penalties to judgment. Under 26 U.S.C. § 7402, this court has "jurisdiction to make and issue in civil actions . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."[34]  The Summary Judgment Order was issued pursuant to this authority. The Motion argues there was no jurisdiction because the order reduced assessments that were not part of the criminal restitution order.[35]  But this is not a restitution action. As the Summary Judgment Order explained, this civil action sought to "reduce Geddes' tax assessment and civil penalties to judgment and foreclose on the Subject Property."[36]  Jurisdiction was thus proper.

---

[29] *Espinosa*, 559 U.S. at 270.

[30] *Id.*

[31] *Id.* at 271.  When the basis of the Motion is a jurisdiction err, the judgment is not void if there is an "arguable basis" for jurisdiction.  *Id.*

[32] *Motion* at 3–4.

[33] *Id.* at 4–6.

[34] 26 U.S.C. § 7402; *see also id.* § 7401 ("No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.").

[35] *Motion* at 3–4.

[36] *Summary Judgment Order* at 9.

Geddes fails to show his due process rights were violated because service was defective. Geddes previously sought dismissal for defective service.[37]  The court denied the Motion to Dismiss, finding the following:

> Here, Geddes was believed to be living in Chile when the Complaint was filed against him in 2017, based on information reported by a neighbor and Geddes' own son. The United States made diligent attempts at that time to locate him by hiring a private investigator. Despite these efforts, Geddes could not be found. Because the United States had a seemingly reasonable belief that Geddes had fled the country and tried to find him where they believed he had gone, the United States demonstrates good cause for not serving Geddes while he was in Chile.
>
> But even if the court did not find the United States demonstrated good cause, it concludes the United States' request for a permissive extension should be granted.  The court has discretion whether to grant this extension, and the Tenth Circuit has directed district courts to consider, among other things, whether the applicable statute of limitations would bar the refiled action.  Here, the limitations period has run for the liabilities assessed in 2007 for the 2003–2005 tax years, except for the late filing penalty that was assessed in 2017. Where dismissal of the United States' Complaint would bar its claims related to the 2003–2005 tax years, this factor weighs in favor of permissive extension.[38]

A Rule 60 motion is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[39]  The Motion here seeks to reargue this same issue as in the Motion to Dismiss,[40] which is not permissible under Rule 60(b).[41]  Accordingly, Geddes fails to show he is entitled to relief under Rule 60(b)(4).

---

[37] Dkt. 27 *Motion by Special Appearance to Dismiss for Insufficiency of Service and Immunity.*

[38] Dkt. 29, *Memorandum Decision and Order* (*Order Denying MTD*) at 7–8 (citation modified).

[39] *Servants of Paraclete*, 204 F.3d at 1012.

[40] *See Motion* at 3–4.

[41]  *Servants of Paraclete*, 204 F.3d at 1012.

### III.    Rule 60(b)(6)

Under Rule 60(b)(6), the court may relieve a party from a judgment for "any reason that justified relief."[42]  Geddes argues relief is warranted under this rule for the following reasons:

> Defendant was deprived of a reasonable opportunity to defend. The government's year-long delay in service, while Defendant was falsely held in pre-trial detention awaiting his criminal trial so he couldn't adequately prepare (EXH C),[43] and to ensured that the civil and criminal matters could not be litigated concurrently.
>
> This delay, coupled with the Court's denial of a trial, entry of judgment on unauthorized, time-barred claims, violation of § 61213(a)6 creates a confluence of injustices that constitute extraordinary circumstances. This is not a litigant seeking a do-over for his own failings; this is a litigant who was systematically deprived of his right to a due and fair process by the government itself.[44]

But this fails to satisfy Geddes' burden of showing he is entitled to extraordinary relief.  The court has already found service was valid.[45]  It was proper to enter summary judgment—thereby denying Geddes a trial—when the court concluded there were no genuine issues of material fact.[46]  Ultimately, Geddes disagrees with the result and wants a do over.  But the Tenth Circuit has instructed this court cannot "revisit issues already addressed or advance arguments that could have been raised in prior briefing" when deciding a Rule 60 motion.[47]

---

[42] Fed. R. Civ. P. 60(b)(6).

[43] *See* Dkt. 189-3, *EXH C* (transcript from final pretrial conference in Geddes' criminal trial before the Honorable Tena Campbell).

[44] *Motion* at 6–7.

[45] *See supra* Section II; *see also Order Denying MTD* at 7–8.

[46] *See Summary Judgment Order* at 9.

[47] *See Servants of Paraclete*, 204 F.3d at 1012.

### IV.    Rule 60(d)(3)

Under Rule 60(d)(3), the court may "set aside a judgment for fraud on the court."[48]  The

timeliness limitation of Rule 60(c) does not apply to this relief.[49]  "Fraud on the court is tightly

construed because the consequences are severe."[50]  Fraud on the court is fraud that "is directed to

the judicial machinery itself and is not fraud between the parties or fraudulent documents, false

statements or perjury. . . . It is thus fraud . . . where the impartial functions of the court have been

directly corrupted."[51]  For example, fraud on the court involves "fraud where the court . . . is

corrupted or influenced or influence is attempted or where the judge has not performed his

judicial function—thus where the impartial functions of the court have been directly

corrupted."[52]

The Motion to Amend the Motion seeks Rule 60(d)(3) relief.[53]  But Geddes fails to allege

misconduct that rises to the level of fraud on the court.  He argues the government has committed

fraud on the court by concealing the jurisdiction bar, manipulating judicial timelines, interfering

with parallel proceedings, defrauding the grand jury timeline, committing plain errors during his

criminal trial, assigning an ineffective public defender—all of which Geddes argues is a "direct

assault on the integrity of the judicial process."[54]  But he fails to provide any case law which

---

[48] Fed. R. Civ. P. 60(d)(3).

[49] *See id.* 60(d)(3).

[50] *Weese v. Schukman*, 989 F.3d 542, 553 (10th Cir. 1996).

[51] *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).

[52] *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir.1985) (en banc); *see also Plotner v. AT & T Corp.,* 224 F.3d 1161, 1170 (10th Cir. 2000) (fraud on the court "refers to misrepresentation direct[ly] affecting the judicial process, not simply the non-disclosure to one party of facts known by another"); *Weese v. Schukman*, 98 F.3d 542, 553 (10th Cir. 1996) (explaining allegations of "material misrepresentations or omitted information needed to make [the opposing party's] answers fully truthful . . . simply do not rise to the level necessary to constitute 'fraud on the court'").

[53] *Motion to Amend the Motion* at 2–4.  This relief was not sought in the initial Motion. *See Motion.*

[54] *Motion to Amend the Motion* at 2–4; *see also Reply* at 2–7.

8

supports his Motion, and the court is not aware of any.  There is no plausible allegation of fraud by the United States that gives rise to relief under Rule 60(d).  Accordingly, Geddes fails to establish he is entitled to this relief.

## CONCLUSION

For the reasons explained above, the Motion[55] and Motion to Amend the Motion[56] are DENIED.  The court also DENIES Geddes' Motion to Set Hearing on the motions.[57]

SO ORDERED this 12th day of August, 2026.

BY THE COURT

_____
JUDGE ROBERT J. SHELBY
United States District Court

---

[55] Dkt. 189.

[56] Dkt. 194.

[57] Dkt. 191.